## FLANIGAN *v.* NOWELL *et al.*

Under the evidence in the case the court did not err in directing a verdict for the defendants.

No. 2184.    MARCH 16, 1921.

Equitable petition. Before Judge Cobb. Barrow superior court. July 6, 1920.

John R. Flanigan brought an equitable petition against W. H. Beddingfield, Calloway Nowell, Floyd Lockett, and Courtney Russell, and alleged in substance as follows: The plaintiff had entrusted one of the defendants, Courtney Russell, who was a share cropper with the plaintiff, with certain cotton for the purpose of selling it and returning to the plaintiff the money arising from the sale. Russell sold the cotton for the sum of $310; and it is charged that Nowell and Lockett enveigled Russell to their home and there gave him whisky until he became drunk, and when he was thus in a dazed condition Nowell and Lockett took the money and converted it to their own use. When Russell became sober he reported the conduct of Nowell and Lockett to the defendant Beddingfield, who was a policeman, and who arrested and searched Nowell and Lockett and found upon their persons the aggregate sum of $326.82, Nowell having $279.60 and Lockett having $47.22. The money was deposited by Beddingfield in a bank to the credit of Beddingfield, Nowell, and Lockett jointly; and the money is still on deposit. Nowell and Lockett are young negroes working for small wages, and neither has any property. Beddingfield does not claim any title or interest in the money except as a holder for the real owner. Courtney Russell is insolvent and has no property. When the money was deposited in the bank it was commingled with other funds placed on general deposit, and it would be impossible for plaintiff to identify the money or describe it with such particularity as is required in an action of trover; and for this reason he has no adequate remedy at law, and brings this action and prays that he may have judgment finding the $310 to be his property; that by proper decree it be delivered to him; and that until the final disposition of this case he be allowed to give bond and take possession of the $310 and hold it subject to the order of the court.

In their answer Nowell and Lockett denied that the money taken from them by the policeman belonged to Flanigan. Russell, the

cropper, was made a party defendant, but he filed no answer. Beddingfield, the policeman, claimed no interest in the funds but was a mere stakeholder; and a bond having been given by the plaintiff, Flanigan, and the money turned over to him, the name of Beddingfield was stricken as a party defendant. After hearing evidence and argument of counsel the court directed a verdict in favor of the defendants, Nowell and Lockett; and the plaintiff excepted.

  *Lewis C. Russell* and *Joseph D. Quillian,* for plaintiff.

  *G. D. Ross, Thomas J. Shackelford* and *Shackelford & Meadow,* for defendants.

  HILL, J. (After stating the foregoing facts.) From a careful reading of the evidence in this case we conclude that the verdict directed by the court was demanded, there being no evidence to show that the money found on the persons of the defendants, Nowell and Lockett, was the money of the plaintiff, Flanigan. Nor are the circumstances such as would authorize a jury to find that the money was that of the plaintiff. Courtney Russell, the cropper of Flanigan, who claims to have been robbed, did not testify in the case. Both the defendants, Nowell and Lockett, denied that they had taken or received any money from Russell; and it was shown by two witnesses that one or two days before the alleged robbery one of the defendants was in possession of something over $210; and while it is true that Nowell admitted that he had been in a gambling game with six other men, including Courtney Russell, there is nothing in the record to show that he won any of Russell's money; and even if it could be said that any money had been won from Russell, it does not appear that the money belonged to the plaintiff, Flanigan. We think, therefore, that the court properly directed a verdict for the defendants, under the evidence in the case; and so far as appears from the record, no ruling was made or invoked upon the demurrer based upon the ground that there was no equity in the petition, and consequently the question is not presented to this court as to whether or not the suit could be maintained in this form.

  *Judgment affirmed. All the Justices concur, except George, J., absent.*